UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| RACHA TRABELSI | CIVIL ACTION |
| VERSUS | NO.  24-328 |
| LABORATORY   CORPORATION   OF AMERICA HOLDINGS, ET AL. | SECTION: "H" (3) |

## ORDER AND REASONS

Before the Court is a Motion for Leave to Amend Complaint (Doc. 12) filed by Plaintiff, Racha Trabelsi. Defendants, Laboratory Corporation of America Holdings, Laboratory Corporation of America, and Labcorp Staffing Solutions, Inc. oppose the motion (Doc. 14). Plaintiff has replied (Doc. 15). For the following reasons, the motion to amend is granted. It is also recommended that this matter be remanded given that the amendment destroys diversity jurisdiction and that there is no other basis for federal jurisdiction.

## I.      Background

The allegations in the Petition are as follows. On January 4, 2023, Plaintiff went to a Labcorp[1] facility for a blood draw.[2] The Labcorp facility operated within a Walgreens. *Id.* During the blood draw, Plaintiff became nauseous and lightheaded.[3] She reported the symptoms to Labcorp employees both during and at the end of the

---

[1] The corporate ownership of the facility is unclear on the face of the Complaint.  Thus, the generic "Labcorp" will be used for purposes of the instant motion.
[2] Doc. 1-3, ¶ IV.
[3] *Id.* ¶ V.

1

blood raw.[4] Yet she was "released."[5] She asked to use a restroom within the Labcorp suite. That request was refused. Instead, Labcorp staff told her to use the Walgreens restroom.[6] Plaintiff attempted to walk to that restroom. She fell, and her head struck the floor.[7] Plaintiff's alleged injuries include a traumatic brain injury and post-concussive syndrome.[8]

Plaintiff sued various Labcorp corporate entities, all allegedly doing business as "Labcorp." She alleges negligence based on the performance of the blood draw, the refusal to respond appropriately to her reported symptoms, the allowance of Plaintiff to fall and strike her head, and the failure to maintain appropriate fall precautions and training.[9] Plaintiff affirmatively alleges that the unnamed Labcorp employee was acting within the course and scope of employment such that the named defendants are vicariously liable.[10] The original petition does not name any individual Labcorp employee as a defendant.

Plaintiff maintains that she sought the identity of the individual Labcorp employee(s) through communications with defense counsel, including before and after filing her lawsuit.[11] Defendants provided the identities of the two individual employees potentially implicated by the Complaint on June 14, 2024.[12] Two weeks

---

[4] *Id.*
[5] *Id.*
[6] *Id.* ¶ VI.
[7] *Id.*
[8] *Id.*
[9] *Id.* ¶ 9.
[10] *Id.* ¶¶ 10-12.
[11] Doc. 15, pp. 2-3.
[12] *See id.*

later, Plaintiff filed a Motion for Leave to Amend Complaint to add the employees (Rachel David and Theresa Hayes) as Defendants. Defendants oppose the motion because, they argue, there is no legitimate reason to amend the complaint and the amendments seek to deprive the federal court of subject matter jurisdiction.

## II.  Analysis

Generally, Rule 15 of the Federal Rules of Civil Procedure governs proposed amendments to pleadings, and Rule 20 governs joinder. When amendment would destroy subject matter jurisdiction, however, 28 U.S.C. § 1447(e) applies. Section 1447(e) states: "If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court."

Courts exercising discretion under § 1447(e) must more closely "scrutinize" amendment than they would under Rule 15(a) and Rule 20. *Hensgens v. Deere & Co.,* 833 F.2d 1179, 1182 (5th Cir. 1987). In *Hensgens*, the Fifth Circuit provided a nonexclusive list of relevant factors for courts to consider when exercising that discretion:

> In this situation, justice requires that the district court consider a number of factors to balance the defendant's interests in maintaining the federal forum with the competing interests of not having parallel lawsuits. For example, the court should consider[: 1] the extent to which the purpose of the amendment is to defeat federal jurisdiction, [2] whether plaintiff has been dilatory in asking for amendment, [3] whether plaintiff will be significantly injured if amendment is not allowed, and [4] any other factors bearing on the equities. The district court, with input from the defendant, should then balance the equities and decide whether amendment should be permitted. If it permits the amendment of the nondiverse defendant, it then must remand to the

state court. If the amendment is not allowed, the federal court maintains jurisdiction.

*Id.* Each of these factors supports allowing amendment in this case.

The first factor supports amendment because the proposed claims against the individual employees are viable. "'[T]he case law indicates that as long as the plaintiff states a valid claim against the new defendants, the principal purpose of the amendment is not to destroy diversity jurisdiction.'" *Wells v. Medtronic, Inc.,* 171 F. Supp. 3d 493, 506 (E.D. La. 2016) (Brown, J.) (quoting *Herzog v. Johns Manville Prods. Corp.,* No. 02–1110, 2002 WL 31556352, at *2 (E.D. La. Nov. 15, 2002) (Fallon, J.)); *see also Tillman v. CSX Transp., Inc.,* 929 F.2d 1023, 1029 (5th Cir. 1991). The specific factual allegations are that the employees were negligent in carrying out the blood draw, including by ignoring complaints of dizziness and lightheadedness, refusing to respond to those reported symptoms, and requiring Plaintiff to walk unassisted to the Walgreens restroom. Viewed in the light most favorable to Plaintiff, the amended complaint states a valid claim for negligence against the individual employees.

Defendants do not directly contest the sufficiency of the negligence allegations against the employees. For example, they do not dispute that, if proven, the allegations may establish that the employees breached a duty to Plaintiff. Instead, they argue that "plaintiff makes no allegations that could possibly lead to *independent* recovery against either employee."[13] This argument hinges on

---

[13] Doc. 14 at 8.

Defendants' stipulation that the employees' actions were taken within the course and scope of their employment.[14] The crux of Defendants' position is that by stipulating to facts that support the employer's vicarious liability, they have eliminated any basis by which Plaintiff can recover directly against the individual employees.[15] This position misapprehends Louisiana law.

Vicarious liability does not "exonerate" an employee from fault. *See* 18 La. Civ. L. Treatise, Civil Jury Instructions § 16:9 (3d ed.) ("Allocation of percentages when there is evidence of independent employer fault or vicarious responsibility for other actors"). Rather, it provides an avenue by which an employer may become financially responsible for the employee's percentage of fault. *See Martin v. Thomas*, 2021-01490 (La. 6/29/22), 346 So. 3d 238.[16] Thus, while vicarious liability provides an additional source of recovery relative to an employee's alleged negligence, it does not "subsume" employee fault or otherwise preclude recovery against the employee. *See id.* at 240. "If the elements for imposing individual liability on the corporate employee are met, it does not matter that the corporation might also be liable." *See Ford v. Elsbury*, 32 F.3d 931, 936 (5th Cir. 1994). Thus, even when, as here, course and scope is admitted, a plaintiff's claim against an individual employee remains viable. *See id.*; *see also Tobin v. Lab'y Corp. of Am.*, No. CV 15-1731, 2015 WL 13543988, at *2 (E.D. La. Oct.

---

[14] *Id.*

[15] *Id.*

[16] Much of the authority relied on by Defendants either pre-dates the extensive discussion between vicarious liability claims and other claims set forth in *Martin* or involves distinguishable facts—i.e., when a plaintiff knew the identities of individual employees and yet chose not to include them in the initial pleading.

21, 2015) (Feldman, J.) (concluding that "the Court is not persuaded that naming the alleged primary tortfeasor as a defendant in this action is entirely unnecessary" and rejecting the argument that vicarious liability rendered the employee's presence in the lawsuit unnecessary).

As for the second factor, Defendants do not argue that Plaintiff was dilatory. Nor can they. As explained above, Plaintiff has set forth that she was diligent in obtaining the identities of the individual employees. Once she received the names, she moved to amend the complaint within a matter of weeks. This factor thus weighs in favor of amendment.

The third factor supports amendment because prohibiting Plaintiff from adding the individual employees as defendants will cause prejudice by requiring her either to pursue her claims piecemeal in state and federal court or forego the claims against the employees entirely. Some may argue that a plaintiff has no need to sue an employee if the employer admits to vicarious liability and can fully fund a judgment. But this perspective overlooks the reality of litigation. The presence of individual tortfeasors as party-defendants provides significant procedural and strategic benefits, including relative to both discovery and trial. Moreover, the Louisiana Supreme Court has emphasized the importance of considering the fault of both the employee and the employer in cases involving vicarious liability.

In *Martin v. Thomas*, the Louisiana Supreme Court held that, even though the employer had stipulated to course and scope, "It is possible that an employer and an

employee may both be assigned a percentage of fault, depending on the facts." *See id.*

*at 245*.

> If no fault is shown on the part of the employee, the inquiry is ended, because there is no cause-in-fact or legal cause. But if fault is shown on the part of the employee, then the issue of whether there is also fault on the part of the employer remains an open question which must be decided according to the evidence on a case by case basis. The fault of both the employer and employee "shall be determined." C.C. art. 2323. Depending on the evidence, the employer may well be entitled to summary judgment. And, in a case like *Libersat*, if the evidence is lacking, a jury instruction at trial regarding an employer's negligence may not be appropriate. But the employer does not automatically prevail on summary judgment as a matter of law merely by stipulating that the employee was in the course and scope of employment. The evidence should determine whether the negligence of both the employer and the employee caused the damages claimed. The application of theories of vicarious liability or *respondeat superior* occur only if a degree of fault has been assessed to the employee in the course and scope of employment, for which the employer becomes financially responsible.

*Id.* at 247–48. *See id.* Although *Martin* involved an attempt to evade direct liability claims (e.g., negligent hiring) against an employer by stipulating to facts that would support vicarious liability claims, its analysis confirms that a denial of amendment in this case would prejudice Plaintiff, including by leading to potential piecemeal litigation, disrupting pretrial discovery, and constraining the manner in which Plaintiff establishes employee fault at trial. *See also Thomas v. Exxon Mobil Corp.*, No. CV 16-15750, 2017 WL 3235444, at *3 (E.D. La. July 31, 2017) (Milazzo, J.) ("[I]t is in Plaintiffs' best interest to pursue litigation against all alleged wrongdoers in the same court.").

The fourth catchall factor, which allows courts to consider "any remaining equities," also supports amendment. Defendants rely on their putative right to a federal forum.[17] But that argument presupposes that amendment should be denied. And there is a competing policy supporting a plaintiff's right to proceed in her own preferred forum. Further, the Louisiana Supreme Court's decision in *Martin* highlights the entwinement between claims for employee negligence and derivative vicarious liability claims. In sum, as observed in *Earle v. Brookshire Grocery Co.,* No. CV 3:22-04522, 2023 WL 3937150, at *6 (W.D. La. May 25, 2023), *report and recommendation adopted*, No. CV 3:22-04522, 2023 WL 3933698 (W.D. La. June 9, 2023):

> The court remains acutely cognizant of a defendant's interest in retaining its chosen federal forum. However, plaintiffs enjoy a countervailing interest in reclaiming their preferred forum. For better or worse, Louisiana law permits a tort victim to sue both the tortfeasor and the tortfeasor's employer . . . . [T]he possibility of dual layers of potentially redundant liability presents an issue that remains within the particular province of the legislature to redress.

*Id.* (citations and footnote omitted).   Thus, the balance of equities also supports amendment in this case.

---

[17] Doc. 14 at 9.

## III.   Conclusion

For the foregoing reasons,

**IT IS ORDERED** that the Motion to Amend is **GRANTED.** Given that the parties do not dispute that amendment destroys subject matter jurisdiction, the undersigned recommends that this matter be remanded by the District Court.

New Orleans, Louisiana, this 19th day of July, 2024.

**EVA J. DOSSIER**
**UNITED STATES MAGISTRATE JUDGE**