UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **RACHA TRABELSI** | **CIVIL ACTION** |
| **VERSUS** | **NO: 24-328** |
| **LABORATORY CORPORATION OF AMERICA HOLDINGS ET AL.** | **SECTION: "H"** |

## ORDER

The Court now examines subject matter jurisdiction *sua sponte*. This Court is duty-bound to examine the basis of subject matter jurisdiction *sua sponte*.[1] Subject matter jurisdiction in this case is premised upon diversity of citizenship.[2] Cases arising under 28 U.S.C. § 1332 require complete diversity of citizenship.[3] "The concept of complete diversity requires that all persons on one side of the controversy be citizens of different states than all persons on the other side."[4]

On July 19, 2024, the Magistrate Judge granted Plaintiff's Motion to Amend.[5] Plaintiff's Amended Complaint was thereafter filed in the record,

---

[1] Lane v. Halliburton, 529 F.3d 548, 565 (5th Cir. 2008).
[2] *See* 28 U.S.C. § 1332; Doc. 1 at 2.
[3] *See* Stiftung v. Plains Mktg., L.P., 603 F.3d 295, 297 (5th Cir. 2010) (citations omitted).
[4] McClaughlin v. Miss. Power Co., 376 F.3d 344, 353 (5th Cir. 2004) (internal quotation marks and citations omitted).
[5] Doc. 16.

naming Rachel David and Theresa Hayes as additional defendants in the above-captioned matter.[6]

In her state court petition, Plaintiff alleges that she is a resident of the state of Louisiana.[7] And now, in her Amended Complaint, Plaintiff alleges that Defendants Rachel David and Theresa Hayes are both individuals domiciled in the state of Louisiana.[8] The parties are therefore not completely diverse.[9] Accordingly, the Court lacks jurisdiction over this matter, and this case must be remanded to state court.[10]

## CONCLUSION

For the foregoing reasons, the Court finds that it lacks subject-matter jurisdiction. Accordingly, **IT IS ORDERED** that the above-captioned matter is **REMANDED** to the 24th Judicial District Court for the Parish of Jefferson.

New Orleans, Louisiana this 22nd day of July, 2024.

**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**

---

[6] Doc. 17.
[7] Doc. 1-3.
[8] Doc. 17 at 1.
[9] *See McClaughlin*, 376 F.3d at 353.
[10] FED. R. CIV. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); B&P Rest. Grp., LLC v. Eagan Ins. Agency, LLC, 538 F. Supp. 3d 632, 637 (E.D. La. 2021) ("Remand to state court is appropriate if the federal court lacks subject-matter jurisdiction.").